S. Sean Bral, Esq. (SBN 190489)
**BRAL & ASSOCIATES**
1875 Century Park E.
Suite 1770
Los Angeles, CA 90067
Telephone: (310) 789-2007
Fascimile: (310) 789-2006
seanbral@gmail.com

Gregory Peacock, Esq. (SBN 277669)
**LAW OFFICE OF GREGORY PEACOCK**
4425 Jamboree Road
Suite 130
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorney for Plaintiffs Ray Cash and Shavonna Cash, individually and as guardian ad litem for, DSC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY CASH and SHAVONNA CASH, individually and as guardian ad litem for DSC,<br><br>     Plaintiffs,<br><br>     vs.<br><br>CITY OF LONG BEACH; SALVADOR ALATORRE; and DOES 1 through 10, inclusive,<br><br>     Defendants. | ) Case No.<br>)<br>) **COMPLAINT FOR DAMAGES FOR:**<br>)<br>) 1. Violation Of 42 U.S.C. § 1983; Fourth Amendment Rights – Excessive / Unreasonable Force / Bystander Liability;<br>) 2. Violation Of 42 U.S.C. § 1983; Violation Of Fourth Amendment Rights -  Unlawful / Unreasonable Seizure Of Person;<br>) 3. Violation Of 42 U.S.C. § 1983; Failure To Property Train / Hire / Fire / Discipline;<br>)<br>) |

COMPLAINT FOR DAMAGES

1

)  4. Violation Of 42 U.S.C. § 1983;
)     *Monell* Liability – Custom, Practice or
)     Policy;
)  5. California State Law Claim For
)     Violation Of Civil Code § 52.1;
)  6. California State Law Claim For False
)     Arrest;
)  7. California State Law Claim For
)     Battery;
)  8. California State Law Claim For
)     Intentional Infliction Of Emotional
)     Distress;
)  9. California State Law Claim for
)     Negligent Infliction of Emotional
)     Distress;
)  10. California State Law Claim For
)     Negligence.
)
)     **JURY TRIAL DEMANDED**

**COMES NOW** Plaintiffs Ray Cash and Shavonna Cash, individually and as guardian ad litem for, DSC and shows this honorable court the following:

## <u>JURISDICTIONAL ALLEGATIONS</u>

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As Plaintiffs' claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the

COMPLAINT FOR DAMAGES
2

Plaintiffs' federal question claims, this court has jurisdiction over the Plaintiffs' California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

## **GENERAL ALLEGATIONS**

4.  Plaintiff Ray Cash, hereinafter referred to as "CASH" or "Plaintiff CASH," is a natural person, who, at all times complained of in this action, resided in the County of Los Angeles, State of California.

5.  Plaintiff Shavonna Cash, hereinafter referred to as "SHAVONNA" or "Plaintiff SHAVONNA," is a natural person, who, at all times complained of in this action, resided in the County of Los Angeles, State of California.

6.  Plaintiff SHAVONNA is also the natural and legal mother of DSC. Plaintiff SHAVONNA appears individually and as guardian ad litem for her minor son, DSC. At all times complained of, SHAVONNA is/was the wife of Plaintiff CASH.

7.  Plaintiff DSC is a minor and a natural person, who, at all times complained of in this action, resided in the County of Los Angeles, State of California. DSC is Plaintiff CASH's step-son and reside in the same home together.

8.  Defendant City of Long Beach hereinafter also referred to as "CITY" is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

9.  Defendant Salvador Alatorre, hereinafter also referred to as "ALATORRE", is,

COMPLAINT FOR DAMAGES

and at all times complained of herein, was, a peace officer employed by the Long Beach Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with Defendant CITY.

10.     Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or deputy sheriffs and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Long Beach Police Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiffs, who will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

11.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Long Beach Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

12.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Long Beach Police Department and/or defendant City of Long Beach, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Long Beach Police Department for, *inter alia*,: 1) using excessive force; 2) for unlawfully seizing persons; and 3) for covering up the tortious conduct of Long Beach Police Department officers.

13.     At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Long Beach Police Department, and/or some other public

COMPLAINT FOR DAMAGES

official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

14.     At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Long Beach Police Department and/or otherwise with defendant CITY.

15.     In addition to the above and foregoing, defendants ALATORRE and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiffs of their federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

16.     Defendants ALATORRE and DOES 1 through 6, inclusive, acted in joint and concerted action to deprive the plaintiffs of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

17.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiffs' federal and state constitutional and statutory rights, as complained of herein.

/ / /

COMPLAINT FOR DAMAGES

6

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person / Bystander Liability**
**(By CASH, Against ALATORRE and DOES 1 through 6, inclusive)**

18.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 17, inclusive, above, as if set forth in full herein.

19.     On January 28, 2018, CASH and his wife, SHAVONNA got into a verbal argument. CASH never physically touched SHAVONNA and never threatened to harm her.

20.     SHAVONNA called the police in hopes that the police could keep the peace.

21.     SHAVONNA and DSC were outside when ALATORRE and DOES 1 through 6, inclusive, arrived at the plaintiffs' home. CASH was inside when the officers arrived.

22.     SHAVONNA had a brief conversation with the officers. SHAVONNA told ALATORRE and DOES 1 through 6, inclusive, that there was a verbal argument and that CASH never touched her.

23.     ALATORRE and DOES 1 through 6, inclusive, then went to the Plaintiffs' front door and asked CASH to exit the home.

24.     CASH complied and began walking towards the front door. CASH could see that ALATORRE had one foot in the home and had his gun out - pointed at CASH.

COMPLAINT FOR DAMAGES
7

25.    CASH had his identification in his hand because he figured that the officers would want to see it. CASH walked towards the front door and extended the identification out to ALATORRE, who still had his gun pointed at CASH.

26.    DOES 1 through 6, inclusive, then grabbed CASH by the arm, twisted his arm behind his back and then threw him to the ground.

27.    CASH went down to the ground face-first. DOES 1 through 6, inclusive, then drove their knees into CASH's back and neck.

28.    CASH did not resist the officers and was compliant. CASH was never a threat to the officers or anyone else.

29.    While CASH was on the ground, ALATORRE took out his Maglite flashlight and began striking CASH with the mag light, over and over again with all of his strength.

30.    DOES 1 through 6, inclusive, stood by and watched ALATORRE brutalizing CASH by repeatedly hitting CASH with the Maglite. DOES 1 through 6, inclusive, had a reasonable opportunity to intervene and prevent ALATORRE from continue to brutalize CASH, but failed to do so.

31.    SHAVONNA and DSC also watched ALATORRE beating CASH with the Maglight.

32.    ALATORRE beat CASH to the point where CASH could no longer stand or walk. DOES 1 through 6, inclusive, stood him up and had to carry him to a patrol car.

33.     CASH was then booked at the Los Angeles County Jail where he was placed in a wheel chair. CASH was then taken to the USC medical center.

34.     Several days later, SHAVONNA was able to bail CASH out of custody.

35.     The Los Angeles District Attorney's Office declined to file charges against CASH.

36.     CASH suffered serious injuries as a result of the brutal treatment he received from ALATORRE and DOES 1through 6, inclusive. Among other injuries, CASH suffered from a ruptured achilles tendon from ALATORRE striking him with the Maglight.

37.     CASH had to walk with crutches for several months and then a cane for several additional months.

38.     As a direct and proximate result of the actions of defendants ALATORRE and DOES 1 through 6, inclusive, as complained of herein, CASH: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

39.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of CASH's constitutional rights, sufficient for an award of punitive / exemplary damages against all

COMPLAINT FOR DAMAGES

defendants and each of them, save Defendant CITY, in an amount to be proven at trial which is in excess of $3,000,000.00.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights –
### Unlawful / Unreasonable Seizure of Person
### (By CASH, Against ALATORRE and DOES 1 through 6, inclusive)

40.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 39, inclusive, above, as if set forth in full herein.

41.     As complained of herein above, none of the defendants to this action had a warrant for CASH's arrest, nor probable cause to believe that CASH had committed a crime, nor reasonable suspicion that CASH was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by CASH.

42.     Accordingly, the seizure of CASH by Defendants ALATORRE and DOES 1 through 6, inclusive, by the use of unreasonable force, constituted an unlawful and unreasonable seizure of CASH, in violation of his right to be free from unreasonable force under the Fourth Amendment to the United States Constitution.

43.     As a direct and proximate result of the actions of defendants ALATORRE and DOES 1 through 6, inclusive, as complained of herein, CASH: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and

expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

44.     The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of CASH's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $3,000,000.00.

## THIRD CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
## FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
### (Against CITY)

45.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 44, inclusive, above, as if set forth in full herein.

46.     As complained of herein above, the acts of Defendants ALATORRE and DOES 1 through 6, inclusive, deprived CASH of his rights under the laws of the United States and The United States Constitution.

47.     The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted CASH.

48.     Prior to January 28, 2018, CITY was aware of the violent propensities of ALATORRE and failed to discipline, terminate and/or train him.

COMPLAINT FOR DAMAGES

49.     In 2012, Perry Grays named ALATORRE as a defendant in *Grays v. City of Long Beach*, et al. 2:11-cv-07588-GAF-RZx. In that case, Mr. Grays alleged that ALATORRE and other Long Beach Police Department officers brutally beat him with their flashlights and tasered him.

50.     *Grays v. City of Long Beach*, et al. went to a jury and resulted in a substantial judgment against the defendants.

51.     In 2015, Nona Opstinick and Linda Sterett named ALATORRE as a defendant in *Opstinick, et al. v. City of Long Beach*, et al. 2:14-cv-09370-PLA.

52.     In that case, the plaintiffs alleged that the decedent was prone on the ground and unarmed when ALATORRE shot and killed the decedent.

53.     The defendants in the *Opstinick* case agreed to settle the case prior to trial.

54.      In *Encinas v. City of Long Beach*, et al. (claim pending) the claimant has alleged that ALATORRE unlawfully and excessively beat him with a maglight. The claimant was placed in a medically induced coma as a result of the excessive force used by ALATORRE.

55.     CITY was deliberately indifferent to the obvious consequences of its failure to train, discipline and/or terminate its peace officer employees adequately.

56.     The failure of CITY to provide adequate training, discipline and/or terminate its officers caused the deprivation of CASH's rights by Defendants ALATORRE and DOES 1 through 6, inclusive.

COMPLAINT FOR DAMAGES

57.     CITY's failure to train, discipline, and/or terminate is closely related to the deprivation of CASH's rights as to be the moving force that ultimately caused CASH's injuries.

58.     As a direct and proximate result of the actions of defendants ALATORRE and DOES 1 through 6, inclusive, as complained of herein, CASH: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

## FOURTH CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Claim Against Local Governing Body Defendants Based On
### Official Policy, Practice, Or Custom
### (Against CITY)

59.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 58 inclusive, above, as if set forth in full herein.

60.     As shown above, the actions of Defendants ALATORRE and DOES 1 through 6, inclusive, deprived the plaintiff of his particular rights under the United States Constitution and under the California Constitution, as described above.

61.     At all times complained of herein, Defendants ALATORRE and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Long Beach Police Department / defendant CITY:  1) for using excessive

/ unreasonable force on persons; 2) for unlawfully seizing (detaining and arresting) persons; 3) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability and were a proximate cause of the very same California state law, and federal and state constitutional violations complained of below by the plaintiff in this action.

62. Said actions of said defendants were done by them under the color of state law.

63. As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendant CITY, above-described, said defendants committed said actions complained of above.

64. As a direct and proximate result of the actions of defendant CITY, Plaintiff CASH: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

/ / /

/ / /

COMPLAINT FOR DAMAGES
14

## FIFTH CAUSE OF ACTION
### Violation of Cal. Civil Code § 52.1
### Under California State Law
### (By CASH, Against All Defendants)

65.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 64, inclusive, above, as if set forth in full herein.

66.     The actions of Defendants ALATORRE and DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff CASH of the rights secured to him by the Constitution and laws of the United States, and of the rights secured to him by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

67.     Defendants ALATORRE and DOES 1 through 6, inclusive, are liable to plaintiff CASH for said violations of his constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

68.     As a direct and proximate result of the actions of defendants ALATORRE and DOES 1 through 6, inclusive, as complained of herein, CASH: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

69.     The actions of Defendants ALATORRE and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against all defendants, save for defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

70.     In addition, as a result of the actions of Defendants ALATORRE and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff CASH is entitled to an award of treble compensatory damages against said defendants, and each of them.

**SIXTH CAUSE OF ACTION**
**False Arrest / False Imprisonment**
**Under California State Law**
**(By CASH, Against All Defendants)**

71.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 70, inclusive, above, as if set forth in full herein.

72.     Defendants ALATORRE and DOES 1 through 6, inclusive, did not have probable cause to believe that CASH had committed a crime.

73.     Defendants ALATORRE and DOES 1 through 6, inclusive, restrained, brutalized and deprived CASH of his liberty.

74.     Defendants ALATORRE and DOES 1 through 6, inclusive, intentionally deprived CASH of his freedom of movement by use of physical force and violence.

COMPLAINT FOR DAMAGES
16

75.     CASH did not consent to said deprivation of his freedom of movement by Defendants ALATORRE and DOES 1 through 6, inclusive, or to the use of force and violence upon him.

76.     CASH suffered harm because of said deprivation of his freedom of movement by Defendants ALATORRE and DOES 1 through 6, inclusive.

77.     The actions committed by Defendants ALATORRE and DOES 1 through 6, inclusive, as complained of herein, constituted a false arrest / false imprisonment of CASH under California state law.

78.     Defendants, and each of them, are liable to CASH for said false arrest / false imprisonment.

79.     The actions committed by Defendants ALATORRE and DOES 1 through 6, inclusive, as complained of herein, proximately caused CASH to suffer substantial physical injuries, severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, and other costs and expenses, in an amount to be proven at trial which is in excess of $5,000,000.00.

80.     The actions of Defendants ALATORRE and DOES 1 through 6, inclusive, were committed maliciously, oppressively and constituted despicable conduct, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $3,000,000.00.

## SEVENTH CAUSE OF ACTION
### Battery
### Under California State Law
### (By CASH against all Defendants)

81.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 80, inclusive, above, as if set forth in full herein.

82.     The actions committed by ALATORRE and DOES 1 through 6, inclusive, constituted the unjustified, non-consensual, use of unlawful force and violence upon Plaintiff CASH, and, therefore, constituted a battery by said above-referenced defendant officers under California state law.

83.     As a direct and proximate result of the actions of Defendants ALATORRE and DOES 1 through 6, inclusive, Plaintiff CASH was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and other associated costs and expenses; all in an amount to be proven at trial in excess of $5,000,000.00.

84.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant CITY, in an amount to be proven at trial in excess of $3,000,000.00.

/ / /

## EIGHTH CAUSE OF ACTION
### Intentional Infliction Of Emotional Distress
### Under California State Law
### (By CASH, Against All Defendants)

85.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 84, inclusive, above, as if set forth in full herein.

86.     Defendants ALATORRE and DOES 1 through 6, inclusive, knew and/or should have known that Plaintiff CASH was susceptible to suffering severe emotional distress from the actions taken and committed against CASH as complained of herein.

87.     The actions committed by Defendants ALATORRE and DOES 1 through 6, inclusive, during the incident as complained of herein, were malicious, oppressive, and/or in reckless disregard for CASH's constitutional rights, was despicable and of such an outrageous nature as to be shocking to the conscience.

88.     The actions of Defendants ALATRRRE and DOES 1 through 6, inclusive, as complained of herein, committed against CASH, directly and proximately caused CASH to suffer severe emotional distress.

89.     Defendants ALATORRE and DOES 1 through 6, inclusive, are liable to CASH for said intentional infliction of emotional distress pursuant to California state law, and otherwise pursuant to the common-law.

90.     As a direct and proximate result of the actions of defendants ALATORRE and DOES 1 through 6, inclusive, as complained of herein, CASH: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional

pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

91.     The actions committed by Defendants ALATORRE and DOES 1 through 6, inclusive, as complained of herein, were malicious, oppressive and constituted despicable conduct, sufficient for an award of punitive / exemplary damages against all defendants, save for Defendant CITY, in an amount to be proven at trial which is in excess of $3,000,000.00.

## NINTH CAUSE OF ACTION
### Negligent Infliction Of Emotional Distress
### Under California State Law
### (By All Plaintiffs, Against All Defendants)

92.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 91, inclusive, above, as if set forth in full herein.

93.     Defendants ALATORRE and DOES 1 through 6, inclusive, unlawfully caused injuries to Plaintiff CASH.

94.     When Defendants ALATORRE and DOES 1 through 6, inclusive unlawfully beat Plaintiff CASH, Plaintiffs SHAVONNA and D.S.C. were present.

95.     Plaintiffs SHAVONNA and D.S.C. witnessed ALATORRE and DOES 1 through 6, inclusive, unlawfully brutalize CASH and witnessed the injuries suffered by CASH.

COMPLAINT FOR DAMAGES

96.   Plaintiffs SHAVONNA and D.S.C. suffered serious emotional distress as a result of witnessing the defendants unlawfully beat Plaintiff CASH.

97.   Defendant ALATORRE's and DOES 1 through 6, inclusive's, conduct was a substantial factor in causing SHAVONNA and D.S.C. to suffer serious emotional distress.

98.   As a direct and proximate result of the actions of defendants ALATORRE and DOES 1 through 6, inclusive, as complained of herein, CASH: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

## TENTH CAUSE OF ACTION
### Negligence
### Under California State Law
### (By CASH, Against All Defendants)

99.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 98, inclusive, above, as if set forth in full herein.

100.   As shown above, ALATORRE and DOES 1 through 6, inclusive owed a duty to use due care in determining whether CASH had committed a crime and to refrain from using excessive force.

101.   As shown above, ALATORRE and DOES 1 through 6, inclusive breached their duty of care to CASH by failing to properly determine whether there was probable

COMPLAINT FOR DAMAGES

cause to arrest CASH and by failing to refrain from using excessive force against CASH. Moreover, Defendants 1 through 6, inclusive, failed to stop ALATORRE from brutally beating CASH with his flash light.

102.   Plaintiff CASH had a sensory awareness of being beaten and arrested by Defendants ALATORRE and DOES 1 through 6, inclusive.

103.   Moreover, Defendant CITY knew, and/or with the exercise of reasonable diligence should have known, of the violent propensities of their employees / agents, who brutalized, degraded, and humiliated Plaintiff CASH as complained of herein.

104.   Moreover, Defendant CITY, breached its duty of care to Plaintiff CASH, and to members of the public similarly situated, by failing to train its employees that they have no right to brutalize and / or falsely arrest members of the public.

105.   Accordingly, the actions committed by Defendants as complained of herein, constituted a breach of defendants' duty to use due care toward Plaintiff under California State Law; negligence.

106.   As a direct and proximate result of the actions of defendants, Plaintiff CASH: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

   **WHEREFORE**, plaintiff prays for judgment as follows:

COMPLAINT FOR DAMAGES

22

a) For a judgment against all defendants for compensatory damages in an amount in excess of $5,000,000.00;

b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $3,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_____*/S/ Gregory Peacock*_____ _
GREGORY PEACOCK

COMPLAINT FOR DAMAGES

23